UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                        :
GLOBAL REINSURANCE CORPORATION OF  :
AMERICA,                                            :
                                 Plaintiff,        :        13 Civ. 06577 (LGS)
                                                :
                 -against-                    :        <u>OPINION AND ORDER</u>
                                                :
CENTURY INDEMNITY COMPANY,          :
                                    Defendant.      :
                                                :
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/15/15

LORNA G. SCHOFIELD, District Judge:

       By Opinion and Order dated August 15, 2014 (the "Opinion"), Plaintiff Global Reinsurance Corporation of America's ("Global") motion for partial summary judgment was granted.[1] The Opinion concluded that the reinsurance limits set forth in each of the certificates of reinsurance at issue in this case (the "Certificates") were inclusive of costs and expenses, and created an overall cap of liability on the Certificates. By notice of motion filed December 22, 2014, Defendant Century Indemnity Company ("Century") moves for reconsideration of the Opinion on account of the Second Circuit's intervening unpublished opinion, not to be cited as precedent, in *Utica Mutual Insurance Company v. Munich Reinsurance America, Inc.*, 594 F. App'x 700 (2d Cir. 2014) ("*Utica*"). For the following reasons, the motion is denied.

       The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the

---

[1] Familiarity with the Opinion, the underlying facts and procedural history is assumed. *See Global Reinsurance Corp. of Am. v. Century Indem. Co.*, No. 13 Civ. 6577, 2014 WL 4054260 (S.D.N.Y. Aug. 15, 2014).

availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (citation and internal quotation marks omitted).  The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

      Century has pointed to no change in controlling law or any new evidence.  In fact, Century concedes that *Utica* "represents an important clarification of *existing law*" and is "not in itself an intervening change in law." (emphasis added).  Century argues that reconsideration is nonetheless warranted on account of a "clarification in law [because it] 'might reasonably be expected to alter the conclusion reached by the court.'"  (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (alteration added)).  By selectively quoting from *Shrader*, Century invents a standard for reconsideration based on "clarification" that has no support in the law.  The complete quote from *Shrader* states: "The standard for granting such a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to *controlling decisions* or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  70 F.3d at 257 (emphasis and alterations added).  When read in context, the second clause of the quote that Century uses in its argument only adds color to the recognized factors that justify reconsideration listed in the first clause, namely changes in controlling law or overlooked data; the second clause

does not allow litigants to come up with new categories that in their view "might reasonably be expected to alter the conclusion reached by the court," as Century attempts to do.

Century also suggests in a parenthetical citation that in *Shrader*, the Second Circuit approved a district court's decision to grant a motion for reconsideration based on "introduction of additional, non-precedential case law." The district court in *Shrader*, which "had originally examined only two of the circuit court decisions on the issue before it," was presented with contrary case law from four different circuit courts on reconsideration. *Id.* By contrast, and by its own argument, Century has presented (at most) one case clarifying existing law.[2] In any case, in *Shrader*, the Second Circuit did not approve of the district court's decision to reconsider. Rather, the *Shrader* court merely noted that "in light of [the defendant's] introduction of additional relevant case law and substantial legislative history," it could not "say that the district court's decision to reconsider its earlier ruling was *an abuse of discretion*." *Id.* (emphasis added).

Accordingly, sufficient cause exists to deny Century's motion for reconsideration without reaching the merits of its argument. Even if the merits were considered, however, the outcome would be the same because Century misunderstands *Utica*.

The holding in *Utica* was based on the language of the particular reinsurance certificate at issue there, which differs from the Certificates here. *Utica* held that where a reinsurance certificate made "losses and damages" expressly "subject to" the certificate's limit of liability but did not similarly expressly cabin the provision for "loss expenses," the limit of liability did not

---

[2] By letter dated March 27, 2015, Century submitted "supplemental authority" in the form of a decision from the Court of Common Pleas for Philadelphia County. Needless to say, that case, which applies Pennsylvania law rather than New York law, does not represent any change in controlling law, and therefore does not provide support for Century's motion.

necessarily cap expenses as well.  *See* 594 F. App'x at 703.  As the Opinion explained, the Certificates at issue here do not specify that only losses and damages are "subject to" the liability cap: "Standing on its own, the unambiguous language in the 'Reinsurance Accepted' sections of the Certificates does not differentiate between reinsurance accepted for loss versus reinsurance accepted for expenses, but simply provides a total cap on liability." 2014 WL 4054260, at *6. *Utica* confirms that where, as here, "a provision in the policies at issue . . . expressly ma[kes] all of the reinsurers' obligations 'subject to' the limit of liability," those policies "are unambiguously expense-inclusive." 594 F. App'x at 704 (citing *Unigard Sec. Ins. Co. v. N. River Ins. Co.*, 4 F.3d 1049, 1071 (2d Cir. 1993); *Bellefonte Reins. Co. v. Aetna Cas. & Sur. Co.*, 903 F.2d 910, 914 (2d Cir. 1990)).  Because *Utica* does not counsel a different result, Century's remaining arguments based on *Utica* need not be considered.

    Finally, in footnote number 18 of 24 in its 15 page brief, Century "submits" that the Opinion's "choice of law analysis also should be reviewed and revised in light of *Utica*." Because "[a]rguments which appear in footnotes are generally deemed to have been waived," this additional argument, which in any event is meritless, is not addressed.  *In re Crude Oil Commodity Litig.*, No. 06 Civ. 6677, 2007 WL 2589482, at *3 (S.D.N.Y. Sept. 7, 2007) (citing *City of Syracuse v. Onondaga Cnty.*, 464 F.3d 297, 308 (2d Cir. 2006)).

    For the foregoing reasons, Century's motion for reconsideration is DENIED.  The Clerk of Court is directed to close the motion at Docket No. 98.  The parties shall file a joint status letter no later than April 23, 2015, explaining how they plan to proceed with this case.

    SO ORDERED.

Dated: April 15, 2015
      New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**